```
 1  LAW OFFICES OF BRETT CURLEE
    Brett B. Curlee, Esq. (SBN 151058)
 2  11377 W. Olympic Boulevard, Suite 200
    Los Angeles, CA 90064
 3  Telephone: (310) 203-3084
    Facsimile: (310) 203-3071
 4  Email: Brett.Curlee@TheCurleeLawFirm.com

 5  Attorneys for the Plaintiff and Chapter 7
    Trustee, WESLEY H. AVERY
 6
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re VIVIAN MARIE SHAW,<br><br>                  Debtor.<br>_____<br>WESLEY H. AVERY, as Chapter 7 Trustee for the Bankruptcy Estate of In re Vivian Marie Shaw,<br><br>                  Plaintiff,<br><br>v.<br><br>CLYDE LUCIEN SHAW, an individual,<br><br>                  Defendant. | CASE NO. 2:14-bk-31148-BB<br><br>[Chapter 7]<br><br>Adv. Case No.:<br><br>COMPLAINT FOR (1.) DECLARATORY RELIEF; (2.) TURNOVER OF BANKRUPTCY ESTATE PROPERTY UNDER 11 U.S.C. §542(a); AND (3.) AUTHORIZATION TO SELL ESTATE PROPERTY PURSUANT TO 11 U.S.C. §363(h) AND FRBP 7001(3)) FREE OF CO-OWNER INTEREST |

COMES NOW the Plaintiff and Chapter 7 Trustee for the above-referenced bankruptcy estate, Wesley H. Avery ("Plaintiff"), and he hereby requests that the bankruptcy court enter judgment against the Defendant, Clyde Shaw ("Defendant"), as follows: (1.) declaring that the bankruptcy estate holds a joint tenancy interest in the single family residence commonly known as 9523 Nan Street, in Pico Rivera, CA 90660 (the "Property") as successor in interest to the Debtor, Vivian Marie Shaw ("Debtor") and that Plaintiff may liquidate the Property pursuant to the Orders of the Marital Dissolution Court concerning the Property for the benefit of the bankruptcy Estate; (2.) requiring the Defendant to turn over the Property to the Trustee; and (3.) authorizing the Trustee to

sell the Property free of the Defendant's interest as a co-owner therein pursuant to 11 U.S.C. §363(h). In support thereof, the Plaintiff alleges and states as follows:

## JURISDICTION

1. On November 11, 2014 ("Petition Date"), the Debtor filed the voluntary petition to commence the chapter 7 bankruptcy case, In re Vivian Marie Shaw, Bankr. Case No. 2:14-bk-31148-BB (the "Bankruptcy Case"), which created the Bankruptcy Estate ("Estate").

2. The Debtor owns an interest in the Property that became an Estate asset when the Debtor filed the Bankruptcy Case. The Defendant has refused to deliver possession of the real property to the Plaintiff so that the Property, which is subject to liquidation to benefit the Estate under 11 U.S.C. §363, can be sold by the Plaintiff. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(a), and 28 U.S.C. §157(b)(1) and (b)(2). Venue is proper under 28 U.S.C. §1409(a). This action is a "core proceeding" as defined in 28 U.S.C. §157(b)(2)(E), (J), and (O), and FRBP 7001.

## STANDING

3. The Trustee has standing to file this adversary action under Bankruptcy Code 11 U.S.C. §542(a), §704(a)(1) and under FRBP 7065, in his capacity as the duly appointed and acting chapter 7 trustee for the Bankruptcy Estate.

## GENERAL ALLEGATIONS

4. Debtor's "Schedule A-Real Property" lists the "Property. "Schedule A" states that the Debtor owns an interest in the Property as a "Joint Tenant." The Grant deeds show the Property is owned by "Clyde L. Shaw and Vivian Shaw, husband and wife as joint tenants."

5. The Defendant lived in the Property at the time Debtor filed the Bankruptcy Case. The Debtor did not live in the Property at the time of bankruptcy and she did not therefore claim an exemption in the Property pursuant to *California Code of Civil Procedure §704.730* in

Schedule "C." Debtor alleged, in Schedule "A," that the current value of the Property is $372,000.00. "Schedule D-Creditors Holding Secured Claims" shows that there is a 1st trust deed against the Property to secure a mortgage with a balance of $190,000.00 in favor of Seterus.

6. At the Trustee's request, Jan Neiman, a licensed real estate agent, broker, and owner of Neiman Realty, Inc. (Jointly referred to as the "Agent" or "Ms. Neiman") inspected the Property exterior and advised the Trustee that the fair market value of the Property is approximately $372,000.00.

7. The Trustee's investigation shows the marriage of the Defendant and the Debtor was dissolved on January 22, 2009, by judgment entered in <u>Vivian M. Shaw v. Clyde L. Shaw</u>, L.A.S.C. Case No. BD480597. The "Attachment to Judgment" required the Property to be placed immediately for sale upon entry of the judgment with the net proceeds divided 50/50 between the Debtor and the Defendant after closing fees and costs of sale were paid.

8. The minute order of the marital dissolution court entered December 19, 2012 regarding "Petitioner's Request For Order Re: Sale of the Family Residence, Attorney Fees and Costs (Filed August 9, 2012)" provides that, as of December 19, 2012, the Property equity was $121,311.00, and that either party could buy out the other's interest by paying $60,655.50. The December 19, 2009 minute order further provided that the Defendant could buy out the Debtor's interest by immediately paying her $40,000.00 in cash and required Defendant to finance the balance and to pay the Debtor $20,655.50 within 90 days or to obtain a promissory note from the petitioner. The hearing on the sale of the family residence was continued to March 20, 2013.

9. At the continued hearing on March 20, 2013, the Debtor and the Defendant entered into a stipulation that was approved by the marital dissolution court on order to show cause. The marital dissolution court held that Defendant had paid the Debtor $40,000.00, but still owed the Debtor the balance ($20,655.50). The Defendant was therefore ordered to pay the

Debtor $15,000.00 on or before April 30, 2013 towards the $20,655.30 balance. The $5,655.30 balance was to be paid, with interest at a rate of $10%, in monthly installments of $300.00 commencing April 1, 2013. Defendant was further ordered to pay $5,500.00 in attorney fees, plus interest at the legal rate of 10% commencing April 1, 2013. The Order was signed by the Debtor and Defendant and then entered by the marital dissolution court on March 20, 2013.

10. A continued hearing on the sale motion and the stipulation and order for payment by Defendant to the Debtor was held in the marital dissolution court on June 12, 2014. At that hearing, the marital dissolution court found that the Defendant had not paid the $15,000.00 owing to the Debtor and also awarded the Debtor $5,000.00 in attorney fees to bring that matter to a total owing to the Debtor to $20,000.00. The marital dissolution court ordered Defendant to pay the entire amount by September 30, 2014. If not, the residence shall be sold with the Defendant receiving a credit for all amounts paid to the Debtor for her share of the equity out of the sale proceeds and the balance of sale proceed were to be divided equally between the Debtor and the Defendant.

11. Subsequently, the Trustee is informed and believes that the Defendant failed to comply with the marital dissolution court's June 12, 2014 order requiring the Defendant to pay the Debtor $20,000.00, including $15,000.00 for the Debtor's equity in the Property and $5,000.00 in attorney fees. Pursuant to the dissolution court's orders, the Property is now subject to sale and the Plaintiff seeks to liquidate the Property to benefit creditors of this Estate.

12. The Trustee is informed and believes there is not less than $50,000.00 in equity in the Property that Estate can realized from a sale and used to pay general unsecured creditors holding allowed claims against the Estate after real estate commissions, cost of sale, and credits for monies paid by Defendant, as ordered by the marital dissolution court. The Trustee therefore claims the Property for the Estate with the intent of selling it to benefit unsecured creditors.

# FIRST CLAIM FOR RELIEF

## DECLARATION RE: RIGHTS OF OWNERSHIP

### (BANKRUPTCY CODE, 11 U.S.C. §105, 28 U.S.C. §2201)

(Against the Defendant)

13. Plaintiffs hereby incorporate the allegations in paragraphs 1 through 12 of this Complaint into this claim for relief, herein in full.

14. An actual controversy now exists between the Plaintiff and the Defendant. The Defendant claims ownership of the Property while refusing to comply with the June 12, 2014 Order of the Marital Dissolution Court requiring that the Property to be liquidated and the proceeds split if Defendant did not pay the Debtor $15,000.00 by September 30, 2014. In addition, the Plaintiff is informed and believes that Defendant failed to pay the Debtor $5,000.00 for attorney fees as ordered by the Marital Dissolution Court on June 12, 2014.

15. Plaintiff, as the duly appointed and acting Trustee, asserts that legal and equitable ownership of the Property is and remains in the Bankruptcy Estate as the Defendant failed to comply with the Marital Dissolution Court's June 12, 2014 Order, and that the Plaintiff may administer that asset to benefit the Estate and its creditors.

16. Plaintiff is informed and believes that the Defendant was and is in possession of the Property without right and he is refusing to turnover possession of the Property.

17. The Plaintiff now seeks a judicial determination of the respective rights and duties of the Plaintiff and the Defendant with respect to the Property as follows:

    a. That the Debtor held a legal and equitable ownership interest in the Property pre-bankruptcy as a joint tenant;

    b. That the Estate succeeded to the Debtor's legal and equitable interest and rights in and to the Property on and after the date the Debtor filed the Bankruptcy

Case and pursuant to the orders in the marital dissolution court;

c. That the Defendant is in possession of the Property without legal or equitable right as a result of the orders of the marital dissolution court requiring him to pay the Debtor $15,000.00 by September 30, 2014, or to sell the Property, and pay the Debtor her share of the net sale proceeds as required in the June 12, 2014 Order, which the Defendant failed to do;

d. That Plaintiff, as Trustee for the Estate is entitled to take possession of the Property as an asset of the Estate pursuant to 11 U.S.C. §541(a)(1);

e. That the Plaintiff is entitled to sell the Property and to distribute the sale proceeds to the Estate and to Defendant in accordance with the June 12, 2014 Orders of the marital dissolution court; and,

f. That the Estate is entitled to an offset against the proceeds of the sale of the Property that Defendant would otherwise be entitle to receive in the amount of $5,000.00 for attorney fees that Defendant was ordered to pay the Debtor by order of the Marital Dissolution Court on June 12, 2014 but which Plaintiff is informed and believes the Defendant failed to pay.

## SECOND CLAIM FOR RELIEF

## TURNOVER OF BANKRUPTCY ESTATE PROPERTY

## (BANKRUPTCY CODE, 11 U.S.C. §542(a))

(Against the Defendant)

18. Plaintiffs hereby incorporate the allegations in paragraphs 1 through 17 of this Complaint into this claim for relief, herein in full.

19. Plaintiff is informed and believes that the Property has equity, the value of which is not inconsequential, that Plaintiff can use, sell, or lease pursuant to Bankruptcy Code 11 U.S.C.

§363 to benefit the Estate.

20. The Defendant has possession, custody, and controlled of the Property at the time of bankruptcy and that the Property became an Estate asset pursuant to 11 U.S.C §541(a)(1) when Debtor filed bankruptcy. Post-bankruptcy the Defendant has remained in possession custody and controlled of the Property.

21. The Property is an asset of the Estate subject to turnover by Defendant to Plaintiff as the duly appointed and acting chapter 7 trustee.

22. Plaintiff is informed and believes the Defendant has an affirmative duty to turn the Property over to Plaintiff, but the Defendant has failed and refused to do so.

23. The Defendant is now interfering with Plaintiff's performance of his duties pursuant to 11 U.S.C. §704 by refusing to turn over the Property to the Plaintiff and to allow him to sell the Property, and by continuing to wrongfully and without right exercise dominion and controlled over the Property in disregard of Plaintiff's authority under the Bankruptcy Code.

24. As a consequence of the foregoing, Plaintiff is entitled to an order for turnover of the Property and/or its value.

THIRD CLAIM FOR RELIEF

AUTHORIZATION TO SELL CO-OWNER INTERESTS

(11 U.S.C. §363(h); FRBP 7001(3))

(Against the Defendant)

25. The Trustee hereby incorporates the allegations in paragraphs 1 through 24 of this Complaint into this claim for relief, herein in full.

26. The Trustee contends that the Property is a community property asset of the Estate or alternatively that the Estate owns an interest in the Property as a joint tenant.

27. To the extent that the Court determines that the Estate and the Defendant each own

-7-

interests in the Property as joint tenant, and that the Defendant rightfully owns his joint tenancy interest in the Property which is not an interest obtained by a fraudulent conveyance, the Trustee requests authorization as the duly authorized chapter 7 trustee for the Estate to sell the interests of the Estate and the Defendant as co-owners of the Property free and clear of the Defendant's ownership interest in the Property.

**WHEREFORE**, Plaintiff prays for judgment on each of the above claims, as follows:

FIRST CLAIM FOR RELIEF, DECLARATORY RELIEF:

For judgment declaring:

28. That the Debtor held a legal and equitable ownership interest in the Property pre-bankruptcy as a joint tenant;

29. That the Estate succeeded to the Debtor's legal and equitable interest and rights in and to the Property on and after the date the Debtor filed the Bankruptcy Case and pursuant to the orders in the marital dissolution court;

30. That the Defendant is in possession of the Property without legal or equitable right as a result of the orders of the marital dissolution court requiring him to pay the Debtor $15,000.00 by September 30, 2014, or to sell the Property, and pay the Debtor her share of the net sale proceeds as required in the June 12, 2014 Order, which the Defendant failed to do;

31. That Plaintiff, as Trustee for the Estate is entitled to take possession of the Property as an asset of the Estate pursuant to 11 U.S.C. §541(a)(1);

32. That the Plaintiff is entitled to sell the Property and to distribute the sale proceeds to the Estate and to Defendant in accordance with the June 12, 2014 Orders of the marital dissolution court; and,

33. That the Estate is entitled to an offset against the proceeds of the sale of

the Property that Defendant would otherwise be entitle to receive in the amount of $5,000.00 for attorney fees that Defendant was ordered to pay the Debtor by order of the Marital Dissolution Court on June 12, 2014 but which Plaintiff is informed and believes the Defendant failed to pay.

<u>SECOND CLAIM FOR RELIEF, TURN OVER OF THE PROPERTY (11 U.S.C. §542(a)):</u>

34. That the Property and/or the Estate's joint tenancy interest therein is an Estate asset pursuant to 11 U.S.C. §541(a)(1) and that the Property and/or its value must be turned over by the Defendant to the Plaintiff as asset of the Estate.

35. For judgment requiring the Defendant to turn over the Property, and/or for damages in the amount of the value of the Debtor's interest in the Property, in such an amount as the Plaintiff proves at trial.

36. For a judgment requiring the Defendant to account for the Property.

37. For a judgment compelling the Defendant to turn over the Property to the Plaintiff or his agents within 10 days of any judgment for turnover.

38. For authorization for the Plaintiff to obtain a writ of execution on ex parte application to this Bankruptcy Court if the Defendant or any parties in possession of the Property do not turnover the Property as the Court orders and to utilize the U.S. Marshals service to aid in enforcing of the Court's order.

<u>THIRD CLAIM FOR RELIEF, AUTHORIZATION TO SELL CO-OWNERS INTEREST (11 U.S.C. §363(h); FRBP 7001(3)):</u>

39. For judgment authorizing the Trustee to sell the Property free and clear of any claim, right, lien, or interests claimed by the Defendant to the extent that the Court finds that the Estate is the legal and equitable owner of an interest in the Property as a joint tenant with Defendant.

-9-

CLAIM FOR RELIEF AS TO ALL CAUSES OF ACTION:

40.  For such other and further relief as the court deems just and proper.

Dated: April 2, 2015

LAW OFFICES OF BRETT CURLEE
BRETT B. CURLEE

By: /s/ Brett B. Curlee
BRETT B. CURLEE
Attorneys for the Plaintiff and Chapter 7 Trustee, WESLEY H. AVERY

FORM B104 (08/07)                                                                                 2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Wesley H. Avery, as Chapter 7 Trustee for the Bankruptcy Estate of In re Vivian Marie Shaw | **DEFENDANTS**<br>CLYDE LUCIEN SHAW, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Law Offices of Brett Curlee<br>11377 West Olympic Boulevard, Suite 200<br>Los Angeles, CA 90064' Telephone (310) 203-3084 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Relief 11 U.S.C. Section 105 and 28 U.S.C. Section 2201; Turnover of bankruptcy estate property 11 U.S.C. Section 542 (a); Authorization to sell co-owner interests

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☒ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 50,000.00 |
| Other Relief Sought | |

FORM B104 (08/07), page 2                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> Vivian Marie Shaw || **BANKRUPTCY CASE NO.** <br> 2:14-bk-31148-B |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Sheri Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** |||
| **DATE** <br> 4/2/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Brett B. Curlee, Esq. ||

## INSTRUCTIONS

    The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

    A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

    The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

**Adversary Cover Sheet (Continued):**

Address of the Defendant:

Clyde Lucien Shaw
9523 Nan Street
Pico Rivera, CA 90660