LAW OFFICES OF DONALD T. DUNHAM & ASSOCIATES
Randolph R. Ramirez, Esq. SBN 297928
8632 E. Valley Boulevard, Suite P
Rosemead, California 91770
Tel.(626)288-1699
Fax (626)288-1695

Attorney for Defendant Clyde Lucien Shaw

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re VIVIAN MARIE SHAW,<br><br>　　Debtor.<br>_____<br>WESLEY H. AVERY, as Chapter 7 Trustee for the Bankruptcy Estate of Inre Vivian Marie Shaw,<br><br>v.<br><br>CLYDE LUCIEN SHAW, an individual,<br><br>　　Defendant. | Case No.: 2:14-bk-31148-BB<br>[Chapter 7]<br><br>Adv. Pro. No. 2:15-ap-01165<br><br>**ANSWER TO COMPLAINT**<br>**DEMAND FOR JURY** |

　　CLYDE LUCIEN SHAW ("Defendant") answers and pleads to the Adversary Complaint (the "Complaint") filed in the above-captioned Adversary Proceeding by WESLEY H. AVERY, Chapter 7 Trustee, (the "Plaintiff"), and allege as follows:

**JURISDICTION AND VENUE**

　　1.　　Answering ¶1, Defendant ADMITS the allegation the Court has Jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 and Fed. R. Bankr. P. 7001, and Venue in this Court is proper pursuant to 28

U.S.C.§1409 because this adversary proceeding arises in this bankruptcy case. Defendants DENY this is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

## GENERAL ALLEGATIONS

2. Defendant lacks the requisite information and/or belief to admit or deny the allegations in ¶2, and on that basis DENYS the allegation in ¶2.

3. Defendant ADMITS the allegations in ¶3.

4. Defendant lacks the requisite information and/or belief to admit or deny the allegations in ¶4 in part, and on that basis DENYS in part the allegations in ¶7. Defendant ADMITS the Grant deed shows the Property is owned by "Clyde L. Shaw and Vivian Shaw, husband and wife as joint tenants."

5. Answering ¶8, Defendant ADMITS the allegations that Defendant lived (and still does live) in the Property at the time the Debtor filed the case. Defendants DENY the allegations the Trustee is entitled to avoid the Cedar Mortgage Lien, and to recoup the loan proceeds from the Defendants, and the Cedar Mortgage Lien also constitutes a "Transfer" which is avoidable as hereinafter set forth.

6. Defendant ADMITS the allegations in ¶9.

7. Defendant ADMITS the allegations in ¶10.

8. DENY the allegations that Defendant failed to comply with the marital dissolution court's June 12, 2014 order. DENY the Property is now subject to sale.

9. DENY the allegations the Trustee is entitled to claim the Property and sale proceeds from the Defendant.

## FIRST CLAIM FOR RELIEF
## DECLARATION RE: RIGHTS OF OWNERSHIP
## (BANKRUPTCY CODE, 11 U.S.C. §105, 28 U.S.C. §2201)

10. Answering ¶13, Defendant incorporates his responses numbered 1 - 9, *supra*, as though fully set forth herein in full.

Answer To Complaint – Demand For Jury

11. Defendants lack the requisite information and/or belief to admit or deny the allegations in ¶13 – 17, and on that basis DENY the allegations in ¶13-17.

## SECOND CLAIM FOR RELIEF
## TURNOVER OF BANKRUPTCY ESTATE PROPERTY
## (BANKRUTPCY CODE, 11 U.S.C. §542(a))

12. Answering ¶18, Defendants incorporate their responses numbered 1 - 9, *supra*, as though fully set forth herein in full.

13. Defendants lack the requisite information and/or belief to admit or deny the allegations in ¶18 - 24, and on that basis DENY the allegations in ¶18 - 24.

## THIRD CLAIM FOR RELIEF
## AUTHORIZATION TO SELL CO-OWNER INTERESTS
## (11 U.S.C. §363(h); FRBP 7001(3))

14. Answering ¶25, Defendants incorporate their responses numbered 1 – 13 *supra*, as though fully set forth herein in full.

12. Defendants lack the requisite information and/or belief to admit or deny the allegations in ¶25 - 27, and on that basis DENY the allegations in ¶25 - 27.

## PRAYER FOR RELIEF

1. That Plaintiff take nothing by way of the Adversary Complaint and each Claim For Relief therein;

2. To determine the validity or other interest in the property;

3. For costs of suit and attorneys' fees as allowed by law; and

3. For such other and further relief as the Court deems fair and equitable.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses to the Complaint and to

each Claim For Relief therein:

1.    As a separate affirmative defense, the Defendants allege that the Plaintiff has failed to state a claim upon which relief can be granted.

2.    As a separate affirmative defense, the Defendants allege the Plaintiff lacks standing to assert the claims for relief.

Dated: June 30, 2015                                    LAW OFFICES OF DONALD T. DUNHAM & ASSOCIATES

By: /s/ Randolph Ramirez  .
     Randolph R. Ramirez, Esq.
     Attorneys for Defendant
     Clyde Lucien Shaw

## JURY DEMAND

CLYDE LUCIEN SHAW hereby demands a trial by jury.

Dated: June 30, 2015                                    LAW OFFICES OF DONALD T. DUNHAM & ASSOCIATES

By: /s/ Randolph Ramirez
     Randolph R. Ramirez, Esq.
     Attorneys for Defendant
     Clyde Lucien Shaw

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2015, I caused a true and correct copy of the foregoing document to be electronically submitted with the clerk of court for the U.S. District Court - Bankruptcy Court, Central District of California, using the electronic case filing system of the court and electronically mailed to the parties registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

   /s/ Randolph Ramirez

Answer To Complaint – Demand For Jury